UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANG JU ZOU                              )
YAN LING WANG                             )    Docket No.:
        Plaintiffs,           )
                                          )
        v.                    )
                                          )    Agency Case Nos: 79-724-123
MICHAEL CHERTOFF,                         )                     MSC0403412722
    Secretary of Homeland Security,      )
                                          )
ANDREA QUARANTILLO,                       )
    District Director, USCIS             )
        Defendants.           )

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF MANDAMUS**

COME NOW Chang Ju Zou and Yan Ling Wang, Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on an application for lawful permanent resident status properly filed by the Plaintiffs. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment.

PARTIES

2. Plaintiff Chang Ju Zou is a United States citizen, having been naturalized on September 26, 2002.

3. Plaintiff Yan Ling Wang is a native and citizen of the People's Republic of China, and the wife of Plaintiff Zou. Ms. Wang entered the United States without inspection on or about February 7, 1996. She married Zou, then a lawful permanent resident, on March 30, 2001. Zou filed an I-130 Petition for Alien Relative on Ms. Wang's behalf on April 6, 2001. That Petition was approved by the former Immigration and Naturalization Service ("INS") on April 11, 2002. Accordingly, Ms. Wang is eligible to adjust her status to that of lawful permanent resident pursuant to section 245(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1255(i).

4. Defendant Michael Chertoff is the Secretary of Homeland Security, and this action is brought against him in his official capacity. Pursuant to the Homeland Security Act of 2002, which assigned the relevant functions of the former INS to the Department of Homeland Security ("DHS"), Defendant Chertoff is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. More specifically, the DHS is

1

responsible for the adjudication of applications for adjustment of status filed pursuant to § 245 of the INA. The Bureau of U.S. Citizenship and Immigration Services ("USCIS") is an agency within the DHS to whom the Secretary has the authority for supervision, operation and management.

5. Defendant Andrea Quarantillo, District Director of the BCIS New York City District Office, is an official of the USCIS generally charged with supervisory authority over all operations of the USCIS within her District with certain specific exceptions 8 C.F.R. § 103.1(g)(2)(ii)(B) that are not relevant in this matter. As will be shown, Defendant Quarantillo is the official with whom Plaintiffs' application for lawful permanent resident status was properly filed.

JURISDICTION

6. Jurisdiction in this case is proper under 5 U.S.C. § 701 et seq. (2007); 28 U.S.C. § 1361 (2007); U.S.C. § 1361 (2007); and 28 U.S.C. § 2201 et seq. (2007). Relief is requested pursuant to said statutes.

VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e) (2007), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and/or principally conducts business, and where a substantial part of the events of omissions giving rise to Plaintiffs' claim occurred. More specifically, Plaintiff's application for lawful permanent resident status was properly filed and, to Plaintiffs' knowledge, remains pending before the New York USCIS District Director.

EXHAUSTION OF REMEDIES

8. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, by themselves and through their attorney, made numerous inquiries concerning the status of their application to no avail. (See List of Attachment on Page 4.) Plaintiffs have no alternative, fully adequate remedy available.

CAUSE OF ACTION

9. All legal prerequisites having been satisfied, Plaintiffs applied for Ms. Wang to adjust her status to lawful permanent resident based on her marriage to Zou. The I-485 Application for Adjustment of Status was filed with the former INS, whose duties are now those of Defendant Quarantillo and USCIS, on November 19, 2002. At the time of said filing, such applications were being adjudicated by the District Director in a period of between six to nine months.

10. On November 4, 2004, Plaintiffs received a notice to appear for an interview on their application at the USCIS office in Garden City, New York on January 19, 2005. That interview was cancelled by USCIS, and ultimately rescheduled for May 9, 2005.

11. At the conclusion of the interview in May 2005, the immigration officer informed Plaintiffs that a background investigation of Ms. Wang, the final step in adjudicating the application for adjustment of status, would be complete within a few months.

12. Ms. Wang contacted USCIS in November 2005, requesting information on the status of her application.

13. On May 1, 2006, Ms. Wang returned to USCIS office to inquire in person about the status of her application, and was informed the background investigation was still pending.

14. Plaintiffs sought the assistance of their Congressman, the Honorable Joseph Crowley. Representative Crowley made a written inquiry to USCIS about the status of Ms. Wang's application, the response to which (the case was still pending) he then forwarded to Plaintiffs on August 1, 2006.

15. USCIS responded to Ms. Wang's November 2005 inquiry by a letter dated September 21, 2006, which repeated that the background investigation had yet to be concluded.

16. On February 6, 2007, Ms. Wang again spoke with an immigration officer regarding the status of the application. The officer informed her that her file had been transferred to the USCIS California Service Center, and that the background investigation, which she had been told would be complete by the end of 2005, was still pending.

17. Through no fault of the Plaintiffs, Ms. Wang's application for adjustment of status has gone without adjudication for over four years.

18. Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to applicable requirements. To date, said application has not been adjudicated.

19. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application for over four years, thereby depriving Plaintiffs of the right to a decision on Ms. Wang's status and the peace of mind to which Plaintiffs are entitled.

20. Plaintiffs have been greatly damaged by the failure of Defendants to act in accord with their duties under the law. Specifically, Plaintiff Wang has been damaged by simply being deprived of the status of lawful permanent residency during the interminable pendency of her application.

21. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

22. Plaintiffs have complied with all statutory and regulatory requirements, as well as all requests by the INS and USCIS.

23. Plaintiffs have made numerous status inquiries in an attempt to secure adjudication of their application, all to no avail. Accordingly, Plaintiffs have been forced to retain the service of undersigned counsel to pursue their petition and application and to pursue the instant action.

PRAYER FOR RELIEF

24. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a) requiring Defendants to adjudicate Plaintiff Wang's application for adjustment of status;

    (b) awarding Plaintiffs reasonable attorney's fees; and

    (c) granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,

_____
Gary J. Yerman, Esq.
Yerman & Associates, LLC
401 Broadway, Suite 1210
New York, New York 10013
(212) 219-0288
Counsel for the Plaintiffs